**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

MARY MULLINS DIEGO,

                       Plaintiff,

    vs.

EXPERIAN INFORMATION SOLUTIONS,
INC. and SYNCHRONY BANK,

                       Defendants.

Civil Action No.:

COMPLAINT FOR VIOLATIONS OF
THE FAIR CREDIT REPORTING ACT

DEMAND FOR JURY TRIAL

Plaintiff Marie Mullins Diego ("Plaintiff") brings this action against defendant Experian

Information Solutions, Inc. ("Experian") and Synchrony Bank ("Synchrony") (collectively,

"Defendants"), and alleges, based upon Plaintiff's personal knowledge, the investigation of

counsel, and information and belief, as follows:

## NATURE OF THE ACTION

1.    This is an action to recover damages for violations of the Fair Credit Reporting Act,

15 U.S.C. § 1681, *et seq.* (the "FCRA"). Defendants Experian has been selling credit reports

containing inaccurate account information regarding Plaintiff's charged off Synchrony accounts.

Although Plaintiff disputed the reporting in writing, Defendants failed to conduct a reasonable

investigation, and failed to correct the reporting.

2.    To make matters worse, Defendants then penalized Plaintiff for submitting disputes

by changing key dates on two different Synchrony accounts to make old delinquencies appear

more recent. Specifically, Defendants changed their reporting on Synchrony/PPMC account by

changing the date the account was charged off from January 2019 to April 2019. Likewise,

Defendants changed their reporting on a Synchrony/Zulily account by changing the date the

account was charged off rom February 2019 to May 2021.

3.     The date an account is charged off is a static date that should not change.  By reporting that the charge offs occurred more recently, Defendants adversely affected Plaintiff's credit score.

4.     Plaintiff later was denied an extension of credit based on information contained in his Experian report and has been forced to deal with aggravation and humiliation of a poor credit score.

5.     Accordingly, Plaintiff is entitled to damages.

## PARTIES

6.     Plaintiff resides in Kane County, Illinois, and qualifies as a "consumer" as defined and protected by the FCRA.  Plaintiff is an individual, not an entity.

7.     Defendant Experian is a foreign corporation that regularly conducts business in this District.  Experian qualifies as a "consumer reporting agency" under the FCRA.  Experian is registered to do business in Illinois and may be served through CT Corporation System, 208 SO Lasalle St., Suite 814, Chicago, Illinois 60604.

8.     Defendant Synchrony is a financial institution regularly engaged in business in this District.  Synchrony qualifies as a "furnisher" of credit information under the FCRA.

## JURISDICTION AND VENUE

9.     The claims asserted in this complaint arise under §§1681e, 1681i, and 1681s of the FCRA.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 15 U.S.C. §1681p.

10.     Venue is proper in this District under 28 U.S.C. §1391(b).

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

11.     The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information contained their consumer credit reports.  Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA.  *See* 15 U.S.C. 1681a.

12.     To that end, the FCRA imposes the following twin duties on consumer reporting agencies (or credit bureaus): (i) credit bureaus must assure maximum possible accuracy of information when preparing consumer reports, and set up reasonable procedures to maintain compliance with this standard; and (ii) credit bureaus must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

**Defendants Violated the FCRA and Harmed Plaintiff**

13.     Experian has been selling credit reports containing inaccurate payment history and account balance information on two retail Synchrony cards.

14.     In April 2021, Plaintiff disputed the erroneous reporting by submitting a written dispute through Experian's FCRA compliance division.  The dispute letter also asked Experian to verify certain key dates associated with each account, including the dates the accounts were opened, the dates of status, and the dates the account were first reported.

15.     Experian notified Synchrony of Plaintiff's dispute letter, as required by federal statute.

16.     The receipt of Plaintiff's dispute letter triggered Defendants' obligations to conduct an investigation, mark the accounts as disputed, and correct or update the reporting if necessary.

17.     Defendants, however, failed to conduct an investigation and failed to correct the reporting.

18.     To make matters worse, Defendants modified its reporting to make each past delinquency appear more recent, as shown in a May 13, 2021 Experian report of its investigation into Plaintiff's dispute.

19.     Three fields on that report are relevant here: (i) the "Status" field, which indicates that the account has been charged off, but does not include a date; (ii) the Payment History grid and legend, which uses coded notations to show a month-by-month history of the account; and (iii) the Payment History Guide, which uses a narrative to describe the information that is reported in the Payment History grid.

The Synchrony/PPMC Account

20.     Before the dispute, Defendants reported in the Status field that this account was charged off.  The Payment History grid included a "CO" notation for each month starting in February 2019.  The Payment History Guide explained that the account was "Charge[d] Off as of Jan 2019."

21.     After the dispute, however, Defendants modified the Payment History grid by removing the "CO" notation for each month until May 2021.  The Payment History Guide now reported that the account was "Charge[d] Off as of May 2021."

22.      As of August 9, 2021, Defendants are still reporting – in the Payment History table and in the Payment History Guide – that the Synchrony/PPMC account was charged off in May 2021.

23.     There is nothing on the Plaintiff's credit report to indicate that the account was in fact charged off in February 2019.

<u>The Synchrony/Zulily Account</u>

24.     Before the dispute, Defendants reported in the Status field that this account was charged off.  The Payment History grid included a "CO" notation for each month starting in March 2019.  The Payment History Guide explained that the account was "Charge[d] Off as of Feb 2019."

25.     After the dispute, however, Defendants modified the Payment History grid by removing the "CO" notation for each month until May 2021.  The Payment History Guide now reported that the account was "Charge[d] Off as of May 2021.

26.     As of August 9, 2021, Defendants are still reporting – in the Payment History table and in the Payment History Guide – that the Synchrony/Zulily account was charged off in May 2021

27.     There is nothing on Plaintiff's credit report that indicates that the Synchrony/Zulily account was in fact charged off in March 2019.

28.     Plaintiff was later denied an extension of credit based on information contained in her Experian report, which included the misleading reporting on the artificially reaged Synchrony accounts.

## CAUSES OF ACTION

## COUNT I

**Against Experian for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

29.     Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

30.     The FCRA imposes a duty on credit reporting agencies to devise and implement procedures to assure the "maximum possible accuracy" of credit reports, as follows:

> Whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates.
>
>                                   15 U.S.C. §1681e(b) (emphasis added).

5

31.     Upon receiving a consumer's dispute, credit bureaus are legally required to conduct an investigation and correct the disputed information contained in the report, as follows:

> …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency *is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

> *Id.* §1681i(a)(1) (emphasis added)

32.     Credit reporting agencies are further required to provide prompt notice of the consumer's dispute to the furnisher of the disputed information, as follows

> ***Before the expiration of the 5-business-day period*** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person***. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

> *Id.* §1681i(a)(2) (emphasis added).

33.     Experian failed to follow reasonable procedures to ensure maximum possible accuracy of the information reported on Plaintiff's credit reports.

34.     Although Plaintiff disputed the inaccurate information in writing, Experian willfully, or at least negligently, failed to perform a reasonable investigation and failed to remove the inaccurate information.

35.     Experian also failed to follow reasonable procedures to prevent improper modifications to the dates on Plaintiff's credit report.

36.     Experian's willful and/or negligent failure to follow reasonable policies and procedures was a direct and proximate cause of Plaintiff's injury.

37.     As a result of Experian's statutory violations, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover statutory, actual, and punitive damages under 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

### Against Synchrony for Violations of the FCRA, 15 U.S.C. §1681s-2(b)

38.     Plaintiff repeats and realleges the foregoing allegations if set forth in full herein.

39.     Upon receiving notice of a dispute from a credit reporting agency, furnishers are required to conduct an investigation and correct the misleading information as necessary, as follows:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –
>
> (A)     ***conduct an investigation with respect to disputed information***;
>
> (B)     review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;
>
> (C)     report the results of the investigation to the consumer reporting agency; [and]
>
> (D)     if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

15 U.S.C. § 1681s-2(b) (emphasis added).

40.     Synchrony failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice thereof from Experian.

41.     Synchrony has further willfully, intentionally, recklessly, and/or negligently continued to report such inaccurate information to Experian.

42.     Instead of removing the inaccurate information, Synchrony improperly verified that the reporting was accurate, and changed the dates on Plaintiff's credit reports.

7

43.     As a result of Synchrony's misconduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress

44.     Synchrony's conduct was a direct and proximate cause of Plaintiff's damages.

45.     Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. §§1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

1.     awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

2.     awarding attorney's fees and costs, and other relief; and

3.     awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: October 18, 2021          **KRAMER INJURY LAW LLC**

*/s/ R. Joseph Kramer*
R. Joseph Kramer, Esq.

Joe@rjklawyer.com
161 N. Clark Street, Suit 1600
Chicago, IL 60601
Tel: (312) 775-1012
Fax: (312) 626-2408

**LAW OFFICE OF MOSHE BOROOSAN, P.C.**
Moshe O. Boroosan (*pro hac vice* forthcoming)
1318 Avenue J
Brooklyn, NY 11230
Telephone:  404-857-6229
moshe@boroosanlaw.com

*Attorneys for Plaintiff*